Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5108 | **DATE** | 5/17/2001 |
| **CASE TITLE** | Liberty Mutual Ins Co vs. Shinohara Machinery Co et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant Shinohara Machinery Co. Ltd's motion (Doc 19-1) to dismiss Count III of the complaint is granted. Count III of the complaint is dismissed without prejudice. All other pending motions are withdrawn.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 1 7 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 34 |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAY 17 PM 1:28 | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LIBERTY MUTUAL INSURANCE )
COMPANY as Subrogee of LYKE )
CORPORATION, )
 )
 )
Plaintiff, )
 )
vs. ) 00 C 5108
 )
SHINOHARA MACHINERY CO., LTD., )
a Japanese corporation, and ST. CROIX )
PRINTING EQUIPMENT IMPORTS, LTD., )
an Iowa corporation, and PRINTING )
RESEARCH, INC., a Texas corporation, )
 )
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the motion of Defendant Shinohara Machinery Co. Ltd. to dismiss Count III of the complaint. For the reasons set forth below, the motion is granted.

### BACKGROUND

On a Rule 12(b)(6) motion to dismiss, we are obligated to accept as true the well-pleaded allegations of the complaint, as follow. Defendant Shinohara Machinery Co. Ltd. ("Shinohara") is a Japanese Corporation which manufactures and sells printers. In 1995, Lyke Corporation ("Lyke") purchased a Shinohara six-color printing

press (the "Printer"). On December 15, 1998, a paper jam occurred in the Printer, causing a fire at Lyke's property in Ripon, Wisconsin. Lyke submitted a claim for losses suffered in the fire to its insurer, Plaintiff Liberty Mutual Insurance Co. ("Liberty Mutual"). Liberty Mutual paid the claim in the amount of $878,222.50.

Liberty Mutual, as subrogee of Lyke, has now filed this products liability action to recover the amount of payment to Lyke. In addition to Shinohara, it has named as defendants St. Croix Printing Equipment Imports, Ltd. ("St. Croix"), the alleged distributor of the Printer, and Printing Research Inc. Shinohara has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Count III of the Amended Complaint (the "complaint"), which alleges a breach of the implied warranty of merchantability.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint (or counterclaim), not to decide the merits of the case. Triad Associates, Inc. v. Chicago Housing Authority, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the Court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond

a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed. R. Civ. P. 10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). It is with these principles in mind that we turn to the motion before us.

## DISCUSSION

In Count III, Liberty Mutual alleges that at or before the time that Lyke purchased the Printer, Shinohara warrantied that the Printer would be of merchantable quality and fit for the ordinary purposes for which Printers are used. It also alleges that

the Printer was not merchantable nor fit for the ordinary purpose for which it was used in that the paper jam occurred and caused the fire at Lyke's property. Liberty Mutual claims that Shinohara's conduct constituted a breach of the implied warranty of merchantability under Wisconsin Stat. Ann. 402.314.

Under Wisconsin law, privity of contract is required to support a claim for breach of an implied warranty. See City of LaCrosse v. Schubert, Schroeder & Assoc., Inc., 72 Wis.2d 38, 41, 240 N.W.2d 124 (1976). While paragraph 8 of the complaint alleges that Lyke purchased the Printer from Defendants generally, paragraph 9 specifies that the Printer "was designed and manufactured by SHINOHARA and distributed through ST. CROIX...." Shinohara argues that this allegation establishes the absence of a direct contractual relationship between Lyke and itself and dooms Liberty Mutual's implied warranty claim.

Liberty Mutual does not disagree with Shinohara's assertion that there is no contractual privity between Shinohara and Lyke. Rather, it urges the Court to create an exception to the privity requirement, since St. Croix may have acted as Shinohara's agent or Shinohara may have participated in the sale of the product. Two Indiana courts have found an exception to the privity requirement in such circumstances, see Thompson Farms, Inc. v. Corno Feed Products, 173 Ind. App. 682, 711, 366 N.E.2d 3 (1977) and Richards v. Georg Boat & Motors, Inc., 179 Ind. App. 102, 112, 384

N.E.2d 1084 (1979), but the Wisconsin courts have never followed suit. To find the exceptions Liberty Mutual suggests we would therefore have to create them.

Liberty Mutual has not directed us to any Wisconsin law suggesting that the privity requirement is flexible, or that the Wisconsin courts would adopt Indiana's rules if the occasion arose. We therefore think it inappropriate for us to carve out exceptions to the general rule that privity is required where breach of the implied warranty of merchantability is asserted. Staudt v. Artifex, Ltd., 16 F. Supp. 2d 1023 (E.D. Wis. 1998), does not dictate a contrary result. In that case the court strictly applied Wisconsin's rule that "[i]n a claim based on implied warranty, there is a requirement of privity of contract." The court went on to elaborate:

> Privity of contract is the relationship that exists between two contracting parties. Here, the undisputed facts show that the plaintiffs never had a relationship, or any contact whatsoever, with Artifex or any person employed by or representing Artifex. The plaintiffs acknowledge that they have never seen any advertising or promotional material concerning the Artifex "spinal fixation device" which was utilized in Mr. Staudt's surgery. The plaintiffs point to no evidence upon which a jury could conclude that privity of contract existed between the plaintiffs and Artifex. Thus, the plaintiffs have failed to satisfy an essential element of their implied warranty claim. Id. at 1030.

This passage does not, as Liberty Mutual suggests, recognize any exceptions to the privity requirement under Wisconsin law. It does not imply that if the Staudt plaintiffs *had* had contact with the manufacturer or its representative then privity would have been established. It merely reiterates the basic principle that two parties who have

never had any relationship whatsoever are not in contractual privity with one another. Staudt therefore fails to support Liberty Mutual's position that exceptions to the privity requirement are or should be recognized under Wisconsin law.

Accordingly, we agree with Shinohara that contractual privity is required to support a claim for breach of the implied warranty of merchantability. Because the complaint alleges that the purchase of the Printer was effected through a third party, St. Croix, and Liberty Mutual acknowledges the resulting lack of direct contractual privity, we find that it cannot recover against Shinohara for breach of the implied warranty under the allegations of the complaint. Count III is therefore dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted. Count III of the complaint is dismissed without prejudice.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: _____May 17, 2001_____